## Foster *versus* Barnes.

1. S. and H., partners in a bakery, owned real estate which was used for partnership purposes; they sold one-third of the interest in the firm to B., and afterwards conveyed to him one-third of the real estate. W. afterwards entered a judgment against B. S. died, and in proceedings in equity by his administrators, against H. and B. as surviving partners, an account was decreed and a receiver appointed; he petitioned the court, showing that the personal property was not sufficient to pay the debts, and asking for an order to sell the real estate, which was made, describing it as the property "of the late firm of S., H. & B.;" under it the real estate was sold to F. Under W.'s judgment B.'s interest in the real estate was sold by the sheriff to W., the jury found that it was not partnership property. *Held*, that the sale by the receiver did not pass B.'s separate interest in the real estate discharged of W.'s judgment, but that he took that interest under the sheriff's sale.

2. On a judgment at law against a partnership for a firm debt on a decree in equity for the payment of money, the separate property of each partner may be sold and the purchaser will take a title clear of the lien of judgments.

3. As to the members of the firm—they being parties to the bill—the decree was conclusive that the real estate was partnership property; and the sale would pass whatever interest each had in it.

4. The decree would not bind an adverse title nor would the title of one not a party to the proceeding be divested by the receiver's sale.

5. A recorded agreement by B. that his interest in the real estate was partnership property, would have affected only subsequent creditors; after the entry of the judgment, he could not change the character of the real estate so as to affect the lien.

6. For all partnership purposes, (except conveyance under the Statute of Frauds) making the real estate partnership property, changed it to personalty.

7. As to all persons not parties to the proceedings in equity and not bound by the decree it remained an open question whether the real estate sold by the receiver was the property of S., H. & B.

8. It is the equity which each partner has to have the partnership assets applied first to partnership debts that he may be relieved from individual liability, which gives partnership creditors priority of payment.

9. W. would have had no right to participate in the fund raised from the receiver's sale: it must have gone to the payment of firm debts.

March 14th 1876.　Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Luzerne county:* Of January Term 1875, No. 88.

This was an action of ejectment, brought August 1st 1874, by William H. Barnes against Charles Foster, for a lot of land in the borough of Pittston.

The premises in question, on the 15th of May 1869, were conveyed by Charles Pughe and Samuel Price to Charles Schlager and Gerard Hillers; the consideration was $6000; the conveyance was to them as tenants in common. The grantees, as partners in the cracker-baking business, afterwards put up a steambakery, containing a large amount of machinery, apparatus, &c., for carrying on their business. On the 12th of May 1870, they entered into an agreement with Wesley D. Barnes, the son of the plaintiff, viz. :—

[Foster *v.* Barnes.]

"That the said Wesley D. Barnes this day becomes a partner in the firm of Schlager & Hillers, heretofore existing between said Charles Schlager and Gerard Hillers, and that from this date the firm name shall be Schlager, Hillers & Barnes, and the business shall continue to be the steam-bakery business as heretofore.

"The said Wesley D. Barnes pays said Gerard Hillers and Charles Schlager the sum of ten thousand dollars, five thousand dollars to each, for which amount they shall transfer and assign unto said Wesley D. Barnes a one-third undivided interest in all the personal property of the late firm of Schlager & Hillers, including, &c., and also the undivided one-third interest in the real estate in which the said firm of Schlager & Hillers now carry on their business, all of the said property, real and personal, to be sold and assigned to said Wesley D. Barnes, free and clear of all encumbrances, said Charles Schlager and Gerard Hillers to discharge all liens and encumbrances now existing against said property." * * *

On the 23d of May 1870, Schlager and Hillers, in consideration of $2000, conveyed to Wesley D. Barnes "the one undivided third part of" the premises. On the same day the plaintiff furnished to his son $5000, and took from him a judgment-note payable in six months, waiving inquisition, condemnation, &c.; judgment was entered on this note September 7th 1870. Schlager, one of the partners, died December 21st 1871.

The surviving partners, Hillers and Barnes, continued the business of the partnership for some time after Schlager's death.

On the 21st of January 1874, the administrators, &c., of Schlager filed a bill in equity against the other partners, setting out amongst other things :—

"That the defendants have, since the death of Schlager, remained in possession of all the property and assets of the said firm, and continued the business thereof without at any time accounting for the share of the said decedent, although frequently required to do so by complainants; and are wasting the property, and mismanaging the affairs of the said firm, and endangering thereby an entire loss of the complainant's interests therein."

The prayer was for an "account of the said partnership business, and to pay over to the complainants whatever may be justly due them therefrom; and that a receiver may be appointed to take charge of and wind up the said business."

Under proceedings in the case Charles Pughe was appointed receiver, January 31st 1874.

On the 6th of April 1874, the receiver petitioned the Court of Common Pleas, setting forth that the bakery was lying idle, that the property would depreciate in value, that an immediate sale of all the property would be beneficial to all interested, and was necessary to wind up the affairs of the firm.

[Foster *v.* Barnes.]

The prayer was for a sale of all the property of the firm ; the court ordered as follows :—

" Whereupon, it appearing manifest unto the court aforesaid, that the personal property was not sufficient to pay the debts of said firm, and that it would be beneficial to all interested that the real estate be sold: It was considered and ordered by the said court, on the 6th day of April 1874, that it be sold, according to the prayer of the petitioner."

In pursuance of this order, the receiver, on the 2d of May 1874, sold the real estate—being the property conveyed to Schlager and Hillers, the one-third of which had been conveyed to Wesley D. Barnes, as above stated—to Foster, the defendant, for $9050.

The advertisement under which this sale was held, was as follows :—

" PUBLIC SALE.—By virtue of an order of the Court of Common Pleas of Luzerne county, sitting in equity, the undersigned will expose to sale by public vendue, or outcry, on the premises, on Saturday, the 2d day of May, A. D. 1874, at 11 o'clock A. M., the following described property of the late firm of Schlager, Hillers & Barnes, to wit," &c.

Under a pluries fi. fa. on the judgment of the plaintiff, W. H. Barnes, against Wesley D. Barnes, Wesley's interest in the premises was sold by the sheriff to the plaintiff, and the deed to him acknowledged June 6th 1874.

The sale by the receiver to Foster, the defendant, was confirmed by the court, September 23d 1874, and it was " adjudged by the said court that the same should be and remain stable for ever."

On the 21st of October 1874, the receiver executed and delivered to Foster, a deed for the whole of the lot, the deed reciting the proceedings and order in the Court of Common Pleas, and conveying " all the estate, &c., of the said firm of Schlager, Hillers & Barnes," in the premises conveyed. This deed was acknowledged in open Court of Common Pleas on the day of its date.

Foster went into possession under the receiver's deed.

On the day of the receiver's sale, Foster, the defendant, being present, the following notice on behalf of W. H. Barnes was publicly given :—

" Notice is hereby given that the undivided one-third of the real estate, now about to be sold as the property of Schlager, Hillers & Barnes, belongs to W. D. Barnes individually, and all purchases made at this sale will be subject to that right."

The case was tried November 18th 1874, before Harding, P. J.

The plaintiff after giving in evidence such of the foregoing facts as showed a primâ facie title in him, rested.

The defendant called Pughe, the receiver, who testified that previously to May 1870, Schlager & Hillers were doing business as

[Foster *v.* Barnes.]

partners in a steam-bakery on the property in question; which was the only property they had in partnership; after investigation into the business by the plaintiff and his son, Wesley D. Barnes, the son became a member of the firm about May 1870.

Defendant gave evidence also that the plaintiff, about the time he issued his original fi. fa., knew of the proceedings in equity against the firm for the appointment of a receiver, &c.

Hillers, one of the partners, testified that the plaintiff and his son made an application to witness and Schlager to admit the son into the firm; they went over the establishment and examined it thoroughly, and also examined their books to ascertain the extent of the business; the old firm agreed to sell one-third interest for $10,000; this sum was not to go into the partnership, but was to be applied to the debts of Schlager & Hillers, which they owed on the building; the real estate was to be held as partnership property, and the conveyance of the one-third of the real estate was in pursuance of the agreement for the partnership; that agreement was prepared by the plaintiff; he furnished all the first payment, $5000 to his son. Schlager, Hillers & Barnes used the property for partnership purposes as it had been previously used by Schlager & Hillers.

When the plaintiff was investigating into the business previously to his son entering the firm, he was shown the building, engines, &c., all the stock of flour, and other materials for baking, as the partnership property; the building covered the whole lot except a small strip. The remainder of the purchase-money beyond the first $5000 was paid by the son, he took it out of the business and charged himself with it.

There was other evidence for defendant for the purpose of showing that the real estate was partnership property.

The plaintiff testified that the one-third of the real estate was conveyed clear of encumbrance so that he could have a lien on it to secure his advance to his son, and that the understanding was that it was not to be considered partnership property.

The defendant's points and their answers were as follows:—

1. If the jury find that the lot in controversy was purchased for partnership property, and held and used for the purpose of carrying on the partnership business, and that the plaintiff knew that it was held as partnership property, the property so held and used was first liable to partnership debts, and the receiver's sale was good and valid to vest the property in the defendant.

Answer: "If you are satisfied by clear, distinct and positive proof, that the plaintiff knew the transaction to be as stated in the point, notwithstanding the deed was to the contrary, the proposition is well put, and we affirm it."

2. The decree for the sale of the real estate on the petition of the receiver, in the equity proceedings, was a judicial finding of

[Foster *v.* Barnes.]

the realty to be personal property, and liable to partnership debts, and the sale vested title in the purchaser in the whole property.

Answer : "We can hardly affirm that proposition in the broad terms in which it is couched. So far as it was partnership property, unquestionably the decree on the equity side of the court was conclusive, and bound every person in connection with the ownership. If it was partnership property, then, unquestionably, the title was conveyed, by the deed of the receiver, to Mr. Charles H. Foster ; but if it never was partnership property, but was held by the partners as tenants in common, then the adjudication referred to in the point was not conclusive as against the plaintiff. With this qualification we affirm the proposition."

3. The sale by the receiver under order of the court, was a judicial sale, made prior to the sheriff's sale on plaintiff's judgment, and vested title in the defendant, superior to any title acquired under the sheriff's sale, and the plaintiff is not entitled to recover.

"If the property was partnership property, we affirm the proposition ; if it never was partnership property, we decline to do so. If it was a tenancy in common, as claimed by the plaintiff, and as exhibited by the deed, and was levied upon, and sold by the sheriff to him, as is not denied, then the title vested in the plaintiff, and he is entitled to recover. If, on the other hand, you are satisfied by the showing, that it was partnership property, then the receiver's sale vested the title in Charles H. Foster, and your verdict should be for the defendant. But if it never was partnership property, but was held by the partners as tenants in common, the adjudication referred to in the point, was not conclusive as against the plaintiff. With this qualification we affirm the proposition."

The court charged :—

* * * "The controversy now relates to the real estate, and hence the question for you is, did the real estate partake of the characteristics of partnership property ? In other words, was the real estate and personal property, constituting the cracker-baking establishment, all partnership property ? If it was ; if it all belonged to the partnership, as a whole, then the proceedings on the equity side of the court, and the sale by the receiver, to Charles H. Foster, vested in the latter a good title, and your verdict should be in his favor. But if the property was originally purchased by W. D. Barnes, as a tenant in common with Schlager & Hillers— that fact being indicated by the deed to him, which, unless there is something further in the case, is the controlling evidence—then the entry of the judgment before referred to, and a subsequent sale by the sheriff thereon, and the purchase by the plaintiff, would vest the title in the latter, and he would be entitled to recover.

"The defendant has exhibited articles of partnership between

Schlager, Hillers and W. D. Barnes, in which the personal property, and this real estate, are all recited; he relies upon this, as strong evidence of the character of the property, and as distinguishing the ownership from a tenancy in common.    The agreement undoubtedly expresses the understanding of the parties; but that it fixes this real estate as partnership property, so far as the plaintiff here is concerned, is quite another matter.

"Gerard Hillers is one of the parties who executed the deed. Ordinarily, he could not be a witness for the purpose of contradicting his solemn deed.    He testifies that although the deed recognises a tenancy in common, yet, in fact, the property was partnership property and was so regarded and used.    We may say to you, however, in this connection, that so far as the use of the property was concerned, it was not a controlling element, as to the ownership of these parties.    The mere occupancy of the property by the partnership, would not warrant the assumption, by a creditor, that it was partnership property, for the reason that it might have been rented; and for the stronger reason, that upon the proper records of the county of Luzerne, a crowning evidence had been placed, that the property was held by Schlager, Hillers & Barnes, not as partners, but as tenants in common." * * *

The verdict was for the plaintiff.

The defendant took a writ of error.    He assigned for error the charge of the court and the answers to his points.

*A. Ricketts* and *A. T. McClintock*, for plaintiff in error.—The articles of partnership were a solemn declaration by deed, on the part of Schlager & Hillers, that the property occupied and used by them as a steam-bakery, both real and personal, was partnership property; and on the part of Wesley D. Barnes, that he purchased and held with them as partners, an undivided one-third interest in the same.    And the plaintiff below had unquestionable notice of these articles.    This was sufficient to notify the defendant in error, that this realty as well as the personalty, was partnership property: McDermot *v.* Laurence, 7 S. & R. 438; Hale *v.* Henrie, 2 Watts 143; North Pennsylvania Coal Company's Appeal, 9 Wright 181.

The occupancy of the real property by the firm, was notice that it was the firm's property: Lewis *v.* Bradford, 10 Watts 67; Kerr *v.* Day, 2 Harris 112; Ebbert's Appeal, 20 P. F. Smith 79.

Land bought for partnership purposes and paid for out of partnership funds, is partnership property, though conveyed in the deed to the partners as tenants in common: Abbott's Appeal, 14 Wright 234; Pars. on Part. 364.

The decree for the sale of the real estate by the receiver was a judicial finding that the real estate was partnership property, and therefore conclusive: Marsh *v.* Pier, 4 Rawle 273, and cases cited;

[Foster v. Barnes.]

Kean v. McKinsey, 2 Barr 30 ; Edwards's Appeal, 16 P. F. Smith 89 ; Taylor v. Cornelius, 10 Id. 187 ; Wescott v. Edmunds, 18 Id. 34 ; Evans v. Tatem, 9 S. & R. 252 ; Moore v. Spackman, 12 Id. 287 ; Wilkinson's Appeal, 15 P. F. Smith 189.

The order of the court adjudicating the realty to be partnership property, was manifestly right ; but even if it had been erroneous, that was a matter with which the purchaser, at the receiver's sale, had no concern.  All that he was required to do was to ascertain that the court had jurisdiction, and exercised it, and made the order for the sale : Voorhees v. The Bank of the U. S., 10 Pet. 449, and cases cited ; Grignon v. Astor, 2 How. 319 ; Gray v. Brignardello, 1 Wall. 627 ; McPherson v. Cunliff, 11 S. & R. 422.

*J. V. Darling* and *W. P. Ryman* (with whom was *E. G. Butler*), for defendant in error.—To affect strangers, purchasers, mortgagees and creditors, there must be some written evidence of the intention of the partners to make real estate partnership assets, and where there is simply a conveyance to them as tenants in common, it is not competent to show by parol evidence, that the property was in fact designed to form a part of the partnership assets : Ridgway's Appeal, 3 Harris 177 ; McDermot v. Laurence, 7 S. & R. 438 ; Lefevre's Appeal, 19 P. F. Smith 122 and Ebbert's Appeal, 20 Id. 79.  Or even that this fact was known to the purchaser : Hale v. Henrie, 2 Watts 145 ; Lancaster Bank v. Myley, 1 Harris 547 ; McCormick's Appeal, 7 P. F. Smith 54.  A sale by a receiver to wind up a partnership conveys partnership property only, and neither he nor the creditors can claim as assets of the firm, property which the partners have elected to consider separate property : Gow on Partnership 255. The appointment of a receiver determines no right and in no way affects the title to the property : 2 Daniel Chan. Prac. 1431, note 3.  When trust property of any kind is sold under an order of court, there is no implied warranty of title, the soundness, or the quality of the property sold : Storm v. Smith, 43 Miss. 497 ; Huber v. Armstrong, 7 Bush (Ky.) 590.  In judicial sales of real or personal property, there is no warranty : Freeman v. Caldwell, 10 Watts 9 ; Fox v. Mensch, 3 W. & S. 444 ; Brown v. Wallace, 2 Bland (Md.) 479 ; United States v. Duncan, 12 Ill. 523.  A sale made by order of a court of equity is, until final ratification, an executory contract, open to objection, and should not be enforced, if the enforcement would be inequitable and against good conscience : Hunting v. Walter, 33 Md. 60 ; Bickley v. Biddle, 9 Casey 277 ; Vandever v. Baker, 1 Harris 126 ; 2 Leading Cases in Equity 72.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 8th 1876.

[Foster *v.* Barnes.]

The verdict of the jury, under instructions from the court, in which we find no error of which the plaintiff has any right to complain, has established that the premises never were the partnership property of Schlager, Hillers & Barnes. This dispenses with the necessity of considering either that question or the knowledge or notice of the plaintiff.

The question in the cause is then reduced to this, whether the sale by the receiver under the order of the court did pass the separate interest of Wesley D. Barnes, to the purchaser, clear and discharged of the lien of the judgment, in favor of the plaintiff below.

Undoubtedly on a judgment at law against a partnership for a firm debt, the separate property of each partner may be levied upon and sold, and the purchaser will take a title clear of the lien of judgments. The same result must follow in a sale under a decree of a court of equity for the payment of money. By the Act of Assembly of March 29th 1859, Pamph. L. 289, it is declared, " that decrees in equity for the payment of money, shall be and constitute a lien on the real estate of the defendants or debtors named in the decree, in the manner, for the like period, and with the same force and effect as the lien of judgments rendered by and in the common-law courts of this Commonwealth." But the decree for the sale by the receiver in this case was special, " the following described property of the late firm of Schlager, Hillers & Barnes." As to the members of the firm who were parties to the bill, that decree was conclusive that the premises were partnership property. They could have been heard in opposition to the decree and to the confirmation of the sale. They would be estopped from alleging as against the purchaser that it was not partnership property, and the sale would of course pass whatever interest each one of them had in it. But how are the rights of the plaintiff below, whose judgment was a lien upon the undivided third of the property of one of the partners, held by him according to the paper title, and as the verdict establishes, as a tenant in common, to be affected? It is not pretended that it could have bound an adverse title. The title of a third person not a party to the proceeding could not have been divested by the sale. When the judgment of the plaintiff below was entered, its lien attached upon the title of Wesley D. Barnes, as a tenant in common of real estate. No act of Wesley D. Barnes, after that, could change its character so as to affect or injure the lien. If he had agreed and put it upon record, that the land should be partnership property, that could only affect subsequent creditors who would have constructive notice of it. For all purposes connected with the partnership, except sale and conveyance under the stringent provisions of the Statute of Frauds, that change is from real to personal property. As to all third persons not parties to the proceeding

[Foster v. Barnes.]

in equity, and not therefore bound by the decree, it remained an open question whether the premises sold under the order were or were not "property of the late firm of Schlager, Hillers & Barnes." The bill was merely for an account of the partnership business "and to pay over to the complainant whatever may be justly due them therefrom, and that a receiver may be appointed to take charge of and wind up the said business." It is the equity of each of the partners that the partnership assets shall be applied in the first instance to the payment of partnership debts, that they may be relieved from their individual liabilities for those debts, which gives partnership creditors any right to priority of payment. The fund raised by the sale under this order must have gone to the payment of firm debts. William H. Barnes, the plaintiff below, would have had no right to participate in the fund. So far as he was concerned it was the same thing as if the sale had been of the right, title and interest of an entire stranger. The estoppel upon the parties to the bill, which concludes them from averring anything against the force and effect of the decree, does not close his mouth. On the whole, then, we find no error in this record.

Judgment affirmed.